**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2011

No. 10-30285
Summary Calendar

Lyle W. Cayce
Clerk

SHAWN HIGGINS,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-2632

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shawn Higgins was convicted in Louisiana state court for the murder of Donald Price and sentenced to life imprisonment. After extinguishing his direct appeal, Higgins filed a state habeas petition that asserted claims under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Strickland v. Washington*, 466 U.S. 668 (1984), among others. Under *Brady*, Higgins claimed that the State had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withheld evidence of pending criminal charges against the State's main witness, and under *Strickland* he claimed that trial counsel had rendered ineffective assistance by failing to present certain evidence.[1] After considering both claims on the merits, the state district court denied habeas relief. The state court of appeals and supreme court denied relief as well.

Higgins then renewed his *Brady* and *Strickland* claims in a 28 U.S.C. § 2254 petition. The magistrate judge concluded that the § 2254 petition could be disposed of without an evidentiary hearing, and, on the basis of the record alone, recommended that Higgins's petition be dismissed with prejudice. The district court adopted the magistrate judge's Report and Recommendation in its entirety. *See Higgins v. Cain*, No. 09-CV-2632, 2010 WL 890998 (E.D. La. Mar. 8, 2010). We granted a certificate of appealability ("COA") on one issue: whether the district court erred in failing to conduct an evidentiary hearing on Higgins's *Brady* and *Strickland* claims.

After we granted the COA, the Supreme Court issued *Cullen v. Pinholster,* 131 S. Ct. 1388 (2011), and we directed the parties to submit supplemental briefing on *Pinholster*'s applicability to the sole issue on appeal. In *Pinholster*, the Supreme Court held that review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. This is because "§ 2254(d)(1) . . . 'requires an examination of the state court decision at the time it was made.'" *Pape v. Thaler*, — F.3d —, 2011 WL 2476437, at *3 (5th Cir. June 23, 2011) (quoting *Pinholster*, 131 S. Ct. at 1398)). Accordingly, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 131 S. Ct. at 1400.

---

[1] Higgins's specific complaints in the state habeas court were "that his attorney failed to present evidence of another person's . . . guilt, failed to present an alibi defense, failed to undermine an eyewitness' identification, and failed to develop medical evidence regard [sic] the eyewitness' intoxication." *Higgins v. Cain*, No. 09-CV-2632, 2010 WL 890998, at *6 (E.D. La. Mar. 8, 2010) (brackets in original).

No. 10-30285

Higgins contends that neither his *Brady* claim nor *Strickland* claim was decided on the merits by the state habeas court, and therefore § 2254(d)(1) does not apply. We disagree; the state habeas court's order denying relief clearly adjudicated both claims on the merits. Additionally, both claims involve mixed questions of law and fact. *See Banks v. Thaler*, 583 F.3d 295, 309 (5th Cir. 2009) ("Claimed *Brady* violations are mixed questions of law and fact . . . ."); *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010) ("Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)."). "This court reviews questions of law and mixed questions of law and fact under section 2254(d)(1)." *Richardson v. Quarterman*, 537 F.3d 466, 472 (5th Cir. 2008). The district court was therefore correct—and required—to review Higgins's *Brady* and *Strickland* claims under § 2254(d)(1).

Thus, under *Pinholster*, the district court in its review was limited to the record that was before the state habeas court. *See* 131 S. Ct. at 1398. To have granted an evidentiary hearing would have been error. *See, e.g.*, *Pape*, 2011 WL 2476437, at *3 ("Under *Pinholster* . . . the district court erred by conducting the evidentiary hearing and by relying on evidence from that hearing to conclude that the state habeas court had unreasonably applied *Strickland*."). The district court therefore did not err in denying Higgins an evidentiary hearing on his *Brady* and *Strickland* claims.

AFFIRMED.